IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANEI NUNEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPSTONE LOGISTICS, LLC,<br><br>Defendant. | Case No. 1:22-CV-01185 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Capstone Logistics, LLC ("Capstone") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has jurisdiction under the Class Action Fairness Act of 2005. In support of removal, Capstone states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff Anei Nunez ("Plaintiff") filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

1

## STATE COURT ACTION

3. On January 24, 2022, Plaintiff filed a Class Action Complaint in the Circuit Court of Cook County, No. 2022-CH-00547, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA"). *See* **Exhibit A**, attached hereto. Capstone is the only named defendant.[1]

4. Plaintiff brings this action for "statutory damages" and other relief as a result of Capstone's alleged "violations of BIPA." *Id.* ¶ 48. Plaintiff alleges Capstone violated the BIPA by: (a) "failing to publicly provide a retention schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information and by failing to comply with such a policy," in alleged violation of BIPA Section 15(a), *id.* ¶ 66; and (b) collecting Plaintiff's biometric data without providing the requisite notice and obtaining Plaintiff's written release, in alleged violation of BIPA Section 15(b), *id.* ¶¶ 63-65.

5. Plaintiff requests, on behalf of herself and the class, an order awarding: injunctive relief by requiring Capstone to comply with Plaintiff's interpretation of the BIPA; "[s]tatutory damages of $1,000 per violation for each of [Capstone's] negligent violations of the BIPA pursuant to 740 ILCS 14/20(1) or $5,000 for [Capstone's] intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2)"; and "reasonable attorneys' fees and costs and expenses." *Id.* ¶ 68.

---

[1] In the state court action, Plaintiff named Honeywell International, Inc. ("Honeywell") as a "Respondent in Discovery." Ex. A, Compl. at pp. 1, 17. An entity's status as a "Respondent in Discovery" under the Illinois Code of Civil Procedure does not impact the removal analysis, and the Court need not consider Honeywell's citizenship in determining whether minimal diversity exists under CAFA. *See, e.g.*, *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n. 3 (7th Cir. 1996) ("[A]t the time she filed her motion to remand, Dr. Anderson was not a party in the lawsuit, but merely a respondent-in-discovery. Thus, his citizenship for purposes of diversity was irrelevant."); *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *4 (N.D. Ill. Oct. 2, 2000) ("A respondent in discovery . . . is not a party to a lawsuit. . . . Therefore, we do not consider S & S Steel a party litigant for purposes of determining diversity.").

6. On February 4, 2022, Plaintiff served Capstone with a copy of the Complaint, Summons, and Plaintiff's Motion for Class Certification filed in the state court action on January 25, 2022. *See* Ex. A.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached hereto as Exhibit A.

8. No further proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (Cook County Clerk of the Circuit Court, Electronic Docket Search, Case No. 2022-CH-00547 (Mar. 4, 2022)).

## TIMELINESS

9. Removal is timely because Capstone filed this Notice within thirty days of service of the Complaint, which occurred on February 4, 2022. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under the CAFA because: (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million.

## CLASS SIZE

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by [Capstone] in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted." Ex. A, Compl. ¶ 50.

12. The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the class cannot be determined until discovery, the aggregate putative class size according to Plaintiff's allegations is, at minimum, 857 members. Decl. of Ryan Hattaway ¶ 8 (attached hereto as **Exhibit C**).

## MINIMAL DIVERSITY OF CITIZENSHIP

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff "was a citizen of the State of Illinois at the time [her] voiceprint was taken and was employed by Capstone at its Illinois distribution facility." Ex. A, Compl. ¶ 23. On information and belief following a reasonable investigation, Plaintiff currently resides in and is a citizen of Illinois.

15. Capstone is a Delaware limited liability company organized under the laws of Delaware, with its principal place of business in Georgia. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A limited liability company is an "unincorporated association" under CAFA. *See Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068 n.2 (C.D. Ill. 2016) ("[U]nder CAFA, an 'unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.' 28 U.S.C. § 1332(d)(10). The complaint alleges that Jimmy John's is a Delaware limited liability company with its principal place of business in Illinois. The allegation is sufficient."). Thus, Capstone is a citizen of Delaware and Georgia for diversity purposes.

4

16. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity under the CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

### AMOUNT IN CONTROVERSY

17. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18. To demonstrate that the amount-in-controversy requirement is met, Capstone need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

19. Capstone denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

20. Plaintiff alleges "intentional[]" and "reckless[]" violations of the BIPA, *e.g.*, Ex. A, Compl. ¶¶ 40-41, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges at least two separate BIPA "violations" in Count I under BIPA Sections 15(a) and 15(b). Ex. A, Compl. ¶¶ 63-66. Based solely on the Complaint's allegations

5

(which Capstone denies), and based on the estimated putative class size of 857, Ex. C, Hattaway Decl. ¶ 8, if each class member is entitled to recover $5,000 for each alleged BIPA violation, recovery of greater than $5 million is legally possible (*i.e.*, 857 class members x $5,000 statutory damages x 2 violations = $8.57 million).[2] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

## NOTIFICATIONS

21. Capstone will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

22. Capstone will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

23. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Capstone reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

24. Capstone reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

---

[2] Capstone includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. Capstone also does not concede that Plaintiff's putative class is certifiable, that class members can recover for two separate BIPA violations, or that a five-year limitations period applies to claims brought under the BIPA.

**CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

Dated: March 7, 2022                           Respectfully submitted,

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
(gmaatman@seyfarth.com)
Jennifer A. Riley
(jriley@seyfarth.com)
Tyler Z. Zmick
(tzmick@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., an attorney, certify that on March 7, 2022 I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

David Fish
(dfish@fishlawfirm.com)
Mara Baltabols
(mara@fishlawfirm.com)
FISH POTER BOLAÑOS, P.C.
200 East Fifth Avenue, Suite 123
Naperville, IL 60563
Telephone: (630) 634-9889

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.