# EXHIBIT A

**Zmick, Tyler Z.**

| | |
|---|---|
| **From:** | sop@cogencyglobal.com |
| **Sent:** | Friday, February 4, 2022 3:06 PM |
| **To:** | Cindy Davis |
| **Cc:** | Debbie McAdoo |
| **Subject:** | Service of Process for Entity: CAPSTONE LOGISTICS, LLC |



# NOTICE OF SERVICE OF PROCESS

**Entity Served:** CAPSTONE LOGISTICS, LLC
**Received in:** Illinois

COGENCY GLOBAL INC. has received the enclosed document on behalf of the above named entity. As the appointed registered agent or agent for service of process for the entity, we are forwarding the document to you. By clicking the **"Retrieve Document"** button you acknowledge the receipt of this service of process on behalf of the entity listed.

| | |
|---|---|
| **Client Group:** | CAPSTONE LOGISTICS, LLC |
| **SOP Number:** | 803526 |
| **Document Type:** | Summons & Complaint |
| **Date of Service:** | 2/4/2022 |
| **Service Method:** | U.S. Mail |
| **Court:** | In the Circuit Court of Cook County, Illinois |
| **Document Caption:** | Anei Nunez vs CAPSTONE LOGISTICS, LLC, et al. |
| **Case Number:** | 2022CH00547 |
| **Original to Follow:** | No |
| **Delivery Method:** | Email |

## Click Here to Retrieve Document [serviceofprocess.cogencyglobal.com]

# Important Reminders

The above link is valid until 2/11/2022 at 11:59pm EST. The document is also available for viewing at www.entitycentral.com [entitycentral.com]. If you have any questions or concerns, please contact us at SOP@COGENCYGLOBAL.COM or 866.621.3524.

The original of this document will not follow, except if the service of process contains a check or is oversized. If you wish to receive the original document, please contact us within 7 days.

*This notice and, if applicable, document link (together, the "Notice") is being sent to, and is intended for, the contact designated in COGENCY GLOBAL INC.'s records to receive service of process. We are not responsible for any loss, injury, claim, liability, or damage arising from your use of or reliance on the information contained within the Notice, including, but not limited to, any error or omission in the information contained within the Notice or from any subsequent transmission or third-party access to the Notice. This Notice should be reviewed by your legal and/or tax advisors, and questions concerning whether or how to respond to any document received by us on your entity's behalf should be directed to them. The information contained in the transmittal portion of the Notice is solely for informational purposes, is not a substitute for legal or tax advice, and cannot be relied on to provide complete information.*

**Notice and Acknowledgment of
Receipt of Summons and Complaint**

(10/12/18) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANEI NUNEZ individually and on behalf

of all others similarly situated

Plaintiff(s)

Case No. _____ 2022CH00547

vs.

CAPSTONE LOGISTICS, LLC

and HONEYWELL INTERNATIONAL, INC (Respondent

in Discovery)

Defendant(s)

Defendant(s)
Amount Claimed: $ _____

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

CAPSTONE LOGISTICS, LLC

To: ___c/o Cogency Global Inc_____ Address: ___600 S. 2nd St., Suite 404_____
     (Name)

City: ___Springfield_____ State: _IL__ Zip: __62704____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed

form to the sender within ____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served)

must answer the complaint within ____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and

complaint will have been mailed on . 1-31-22

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**                    **(10/12/18) CCG 0063 B**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile. illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp.**

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
                              Signature

\*    (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
     on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*   (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
     date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED
1/24/2022 9:57 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00547
Calendar, 13
16406173

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANEI NUNEZ, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

CAPSTONE LOGISTICS, LLC

*Defendant.*

and HONEYWELL INTERNATIONAL, INC.

*Respondent in Discovery*

Case No.:

### CLASS ACTION COMPLAINT

Plaintiff Anei Nunez ("Nunez" or "Plaintiff") brings this Class Action Complaint ("Complaint") against Defendant Capstone Logistics, LLC ("Capstone" or the "Defendant") for its violations of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

### NATURE OF THE ACTION

1.     Defendant Capstone is a leading logistics company with more than 550 locations and over 17,000 employees who work for it.

2.     Plaintiff worked at one of Capstone's distribution centers in Illinois.

3.     Capstone operates its distribution centers through the use of biometrics and, in particular, the use of voiceprints and voice/speaker recognition technology called "Vocollect" (also known as the "Talkman").

4.     The Vocollect system is sold and managed by Respondent in Discovery Honeywell International, Inc.  Honeywell claims its Vocollect system (which it offers as part of its Honeywell Voice products) is used by more than one million users on a daily basis.  A picture of it is depicted below:



5.     Through use of Honeywell's Vocollect technology, Defendant creates workers' voiceprints, voice patterns or templates, which are then used to enable its workers to interact with Capstone's warehouse technology to identify a worker.[1]  As exampled in the Vocollect manual under "Training the Talkman Terminal to Recognize an Operator's Voice" it explains that: "The first time an operator uses a terminal in the Talkman system at your site, the operator must train the system to understand his or her speech by speaking the vocabulary words used at the particular site."[2]

5.     Specifically, at the beginning of a warehouse worker's training, a worker is required

---

[1] Within the biometric industry, a voice template is also called a voiceprint and is considered biometrics. *See e.g.* https://www.idrnd.ai/voice-biometrics/ (stating that a "'voiceprint' is also called a 'voice template'" and comparing it to a fingerprint in the field of biometrics).

[2] https://fccid.io/MQOTT600-40300/User-Manual/Revised-User-Manual-266998.  It goes on to explain: "Always speak in your normal tone of voice.  You are training the Talkman terminal to recognize words you say in your normal voice."

to provide Capstone with personal speech patterns by reading a series of voice template words repeatedly into Capstone's voice recognition software until a voiceprint or template of her voice is created, and the software is trained to understand her idiosyncratic way of speaking and to specifically identify and recognize the individual worker and her voice.

7.      Honeywell markets its Vocollect product to companies by, for example, testimonials that explain the benefits of quick productivity and training: "once they do their voice template on the Vocollect system, I can have them up to speed in two or three days".[3] Honeywell describes voice training as an application that creates a "voice template".  In goes on to explain that:

> "All new technicians must train their voice templates (all the common words that they will use in the voice-directed workflow) in order to perform an inspection with the Honeywell Voice Maintenance & Inspection Solution. The RapidStart application automatically guides technicians through the template training process." [4]

8.      This voice template or voiceprint sets forth the worker's voice pattern, then becomes part of that worker's data file which contains the worker's name, the employee number and her voiceprint.  The Vocollect manual states that during training, the user is asked to repeat each word four time and then "the software then stores one version of each word in template files for that operator."

9.      The Vocollect system relies on data transmissions between a customer's host system, Vocollect VoiceCheck, and devices worn by technicians performing inspections. Vocollect describes the interaction as follows on its Internet page:

---

[3] https://www.youtube.com/watch?v=-NDUgHrgVCI

[4] https://help.honeywellaidc.com/Software/Inspection/en-us/Content/Installation/UserTraining_RapidStart.htm?TocPath=Implementation%C2%A0Guide%7CUser%20Options%7CVoiceCatalyst%20M%26I%C2%A0for%20PC%7C_____2



10. At work, the employee's number is put into a wireless device containing, among other things, Capstone's voice recognition software, that works with a headset. The voice template portion of the operator data file then loads into the device from a central database known as a voice console, where operator data files, including biometric voiceprints, are stored.

11. Thereafter, the worker is sent orders from a central worker management computer through a headset, and executes those orders by interacting and having a dialogue with the voice recognition software which responds based upon the worker's voiceprint or template.

12. The software does this by breaking down and analyzing the real time version of the worker's voice, essentially breaking it into small patterns, and comparing voice with the characteristics of her voiceprint or voice template on which the voice recognition technology has been trained, thus effectively recognizing and identifying the worker.

13.     The voiceprints are not merely voice "recordings" but biometric identifiers that are influenced by both the physical structure of an operator's vocal tract and the employee's specific vocal behavioral characteristics.  As a worker's voice changes in different environments, the software adjusts the template to account for changes in the worker's voice, thereby changing the voiceprint to further refine its ability to recognize and ability to identify the worker.

14.     The use of biometric voiceprints are a material benefit to Defendant, because it increases overall efficiency at distribution and fulfillment centers by identifying the individual's voice patterns as they give commands.

15.     A voiceprint or voice template, as used by the Vocollect system, is unique to each individual employee and is part of the operator's stored data file that also contains name and employee number and is therefore identified solely with that worker.

16.     While Plaintiff and the Class members were required to provide their voiceprints or voice templates for Capstone's voice/speaker recognition technology, they were never first asked for their consent, nor were they ever provided with a written policy regarding the use of their biometric identifiers as required under BIPA.

17.     Moreover, they were never told whether their voiceprints would be deleted from the Defendant's systems or when they would be deleted.

18.     While there may be certain benefits to using biometric technology in the workplace, there are also serious risks. The voiceprints at issue here are unique, permanent biometric identifiers associated with an employee which, if obtained by hackers, particularly since they are part of the operator data file, can be manipulated and used to commit identity theft.

19.     Defendant's collection and storage of biometric identifiers and/or biometric information in a central voice console, along with the rest of their workers' operator data files, which could be

hacked or breached, exposed and continues to expose Plaintiff and Class members to serious and irreversible privacy risks.

20.     Recognizing the need to protect its citizens from situations like these, Illinois enacted BIPA, specifically to regulate companies that collect and store Illinois citizens' biometric identifiers, including voiceprints such that those at issue here.

21.     Despite this law, Defendant, knowing full well what the law is respecting the collection, possession and use of biometric identifiers, and voiceprints in Illinois, disregards its workers' statutorily and common law protected privacy rights and unlawfully collects, captures, possesses, stores, and uses their biometric identifiers in violation of the BIPA. Specifically, Defendant has violated (and continues to violate) BIPA because it did not:

> • Develop and issue a written policy governing the collection, maintenance and destruction of its workers' voiceprints or biometric identifiers, failed to comply with any written policy governing the destruction of such biometric identifiers, and failed to timely destroy Plaintiff's and the Class' biometric identifiers, specifically their voiceprint or voice templates;

> • Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their biometric identifiers or voiceprints were being collected, stored, and used, as required by the BIPA;

> • Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class' voiceprints, as required by the BIPA; and

> • Receive a written release from Plaintiff or Class members to collect, capture, or otherwise obtain their biometric identifiers or voiceprints, as required by the BIPA.

22.     Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; (iii) awarding liquidated damages to Plaintiff and the Class; (iv) awarding Plaintiff and the Class statutory damages for such violations; and (v) enjoining Defendant from its continued violations of BIPA by, among other things, causing it to issue and comply with a written policy regarding the collection, use, possession, storage and destruction of biometric data, and deleting from any of its data bases and systems, including it central voice console, the biometric data of Plaintiff and Class Members.

## PARTIES

23.     Plaintiff is a natural person and was a citizen of the State of Illinois at the time Plaintiff's voiceprint was taken and was employed by Capstone at its Illinois distribution facility.

24.     Defendant Capstone is one of the largest supply chain partners in the world.

## FACTUAL BACKGROUND

25.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

26.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which are unique biometric identifiers that can be linked to people's sensitive financial and personal data— could

now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

27.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008.  *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5. BIPA is an informed consent statute that achieves its goal by making it unlawful  for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15(b) (emphasis added).

28.     Biometric identifiers are defined to include a "voiceprint".  *See* 740 ILCS 14/10.

29.     Biometric information is separately defined to include any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier that is used to identify an individual. *See id.*

30.     Voice recordings that are analyzed and made into a template of someone's voice such that it enables that particular person to interact with a particular software that then recognizes that person and his/her voice are biometric identifiers.

31.     BIPA specifically provides that biometric identifiers, such as those at issue here, *or* biometric information cannot be obtained without first obtaining a person's consent, and that the retention and destruction of biometric identifiers or biometric information must be subject to a written policy respecting their retention and destruction.

## II.    Capstone Violates the Biometric Information Privacy Act.

32.     By the time BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

33.     Unfortunately, Defendant, despite knowing about BIPA and its requirements, specifically continues to collect, store, and use its workers' biometric identifiers in violation of the BIPA.

34.     Capstone uses a version of Honeywell's Vocollect Solutions. Vocollect is a voiceenabled, voice technology system, used often in warehouses, which allows warehouse workers to engage in real-time communications with the Vocollect software. The Vocollect software recognizes the individualized patterns of a worker's voice, and her peculiar behavioral patterns by breaking down her voice into small samples, which the software then analyzes and compares to the template on which it has been trained.

34.     An operator data file is first created and then stored and consists of the worker's individual identifiers, including name, employee number and the template or voiceprint of voice that the employee created such that the voice template is identified with both the worker and employee number through the data file.

35.    Specifically, when warehouse workers first begin working at one of Defendant's warehouses or distribution facilities, they are required to engage in lengthy training sessions during which they not only learn the system but create a personalized template of their voice and train the system's software to recognize and identify their voice.

36.    During this training, workers are required to repeatedly read long lists of certain words into the system that allows the Vocollect software to create a template of the voice of that particular worker and trains the voice recognition software to understand and identify the voice of that particular worker.

37.    The system then creates an individualized voice template that is stored in a central host computer, known as a voice console, that contains the unique voice template of each warehouse worker or picker as part of that operator's data file. The training exercise, which is speaker dependent, essentially trains the system to recognize that worker's voice and verbal patterns, which then culminate in the creation of a voiceprint or voice template for that worker.

38.    The voiceprint or voice template, similar to a fingerprint, allows the system's software to identify the worker's voice by comparing the voice on the template to the words being spoken by the worker in real time so that the worker can interact with the software. As Honeywell itself has indicated, the system is a speaker- dependent voice recognition technology. It is dependent upon the measurement and analysis of a worker's unique physical behavioral characteristics or voice pattern. It is a record of mechanical measurement of a worker's voice, that allows the system to recognize the worker's voice and thus the worker, so that it can interact with that worker.

39.   In the event that Capstone's systems are breached or hacked, a hacker could have access to the operator data profiles, including an operator's name and her associated voiceprint or voice templates, from which it could manipulate those personalized voiceprints for its own wrongdoing and misuse.

40. Defendant intentionally, recklessly or negligently failed to inform its workers of the complete purposes for which it collects their sensitive biometric identifiers or to whom the identifier is disclosed, if at all, and failed to obtain their knowing consent to use their biometric identifier.

41.   Defendant intentionally, recklessly or negligently failed to timely provide its workers with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its workers' voiceprints when the initial purpose for collecting or obtaining their voiceprints is no longer relevant, as required by BIPA. A worker who leaves the company does so without any knowledge of when her biometric identifiers will be removed from Defendant's databases -- or if they will ever be. Moreover, Defendant failed to issue or comply with any written schedule.

42.   The Pay By Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Defendant's is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric identifiers who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Defendant disregards these obligations, and instead unlawfully collects, stores, and uses its employees' and workers' biometric identifiers without proper consent.

43. Ultimately, Defendant disregards its employees' and workers' statutorily protected privacy rights by violating the BIPA.

## **FACTS SPECIFIC TO PLAINTIFF**

44. Plaintiff worked as a warehouse worker at Capstone's Illinois-based distribution facility.

45. Defendant required Plaintiff to spend time creating a voiceprint or voice template by repeatedly reading words into the system.

46. Defendant never informed Plaintiff of the specific limited purposes or length of time for which it collected, stored, or used this biometric identifier. Similarly, Defendant never informed Plaintiff of any biometric identifier retention policy it developed, or whether it will ever permanently delete her biometric identifying information.

47. Plaintiff never timely signed a written release allowing Defendant to collect or store a voiceprint.

48. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein, including the risk that Plaintiff's voiceprint or voice template will be obtained by hackers who could then misuse it to, among other things, steal her identity and commit identity theft.

49. Plaintiff and the Class now seek statutory damages under BIPA as compensation for the injuries Defendant has caused as well as injunctive or other relief.


## **CLASS ALLEGATIONS**

50. Plaintiff brings this action on behalf a Class of similarly situated individuals, defined as follows:

All persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted.

51. The following people are excluded from the Class: (1) any judge presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, agents, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers from over 100 workers who fall into the definition of the Class.  Ultimately, the Class members will be easily identified through Defendant's records.

53. **Commonality** and **Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a) whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers in the form of voiceprints or voice templates;

b)  whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers;

c)  whether Defendant issued a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers;

d)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

e)  whether Defendant complies with any such written policy (if one exists); and

f)  whether Defendant used Plaintiff's and the Classes voice prints to identify them.

54. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this Action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

55. **Appropriateness**:  This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered

by the individual members of the Class are likely to have been small relative to the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's

wrongful conduct.

56.     Thus, it would be virtually impossible for the individual members of the Class to

obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain

such individual litigation, it would not be preferable to a class action because individual

litigation would increase the delay and expense to all parties due to the complex legal and factual

controversies presented in the Amended Complaint. By contrast, a class action presents far fewer

management difficulties and provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single court. Economies of time, effort, and expense will be

fostered and uniformity of decisions will be ensured.

**COUNT I**
**Violation of 740 ILCS 14/1, _et seq_**
**(On Behalf of Plaintiff and the Class)**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. BIPA requires companies to obtain informed written consent before

acquiring biometric identifiers from employees or workers, among others. Specifically,

BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through

trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric

information, unless [the entity] first:

(1)     informs the subject . . . in writing that a biometric identifier or biometric information
        is being collected or stored.

(2)     informs the subject . . . in writing of the specific purpose and length of term for

        which a biometric identifier or biometric information is being collected, stored, and
        used; _and_

(3)    receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

59. BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and--importantly--deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.*, when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

60. Defendant failed and continues to fail to comply with these BIPA mandates.

61. Defendant is a corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

62. Plaintiff and the Class are persons who had their "biometric identifiers" collected by Defendant, as explained in detail in Section II. *See* 740 ILCS 14/10.

63. Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

64. Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers were being collected and stored.

65. Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers was being collected, stored and used.

66. Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention

schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information and by failing to comply with such a policy.

67. By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA. 740 ILCS 14/1, *et. Seq.*

68. On behalf of themselves and the Class, Plaintiff seeks:

(A)     Injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, possession, storage, and use of biometric identifiers as described herein;

(B)     Injunctive and equitable relief as necessary to protect the public good and the public's right to the issuance of a written policy and to ensure that Defendant complies with the written policy;

(C)     Statutory damages of $1,000 per violation for each of Defendant's negligent violations of the BIPA pursuant to 740 ILCS 14/20(1) or $5,000 for Defendant's intentional or reckless violation of BIPA pursuant to 740ILCS 14/20(2); and

(D)     reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS14/20(3).

## COUNT II

Plaintiff seeks discovery against Honeywell, Inc. as a Respondent in Discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully requests that the Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B.      Declaring that Defendant's actions, as set out above, violate the BIPA;

C.      Awarding statutory damages of $1,000 for each of Defendant's violations of BIPA,    pursuant to 740 ILCS 14/20(1) and/or $5,000 for each of Defendant's violations of BIPA, pursuant to 740 ILCS 14/20(2);

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA.

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the public in Defendant's issuance of a written policy governing its collection, maintenance and deletion of biometric identifiers;

F.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H.      Awarding such other and further relief as equity and justice may require.

Dated: January 24, 2022                                    Respectfully submitted,

/s/ _____
One of Plaintiff's Attorneys

David Fish
Mara Baltabols
**FISH POTER BOLAÑOS, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com

*Attorneys for Plaintiff*

FILED
1/24/2022 9:57 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00547
Calendar, 13
16406173

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

ANEI NUNEZ, individually and on behalf

of all others similarly situated

_____

Plaintiff(s)

v.

CAPSTONE LOGISTICS, LLC

and HONEYWELL INTERNATIONAL, INC (Respondent in
_____
Discovery)
Capstone Logistics LLC

c/o Cogency Global Inc

600 S. 2nd St., Suite 404, Springfield, IL 62704
_____

Address of Defendant(s)

Case No. _____

Defendant(s)

Please serve as follows (check one):  ◌ Certified Mail   ◌ Sheriff Service   ◌ Alias

## SUMMONS

To each Defendant: CAPSTONE LOGISTICS, LLC

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons                                          (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 44086
○ Pro Se 99500

Name: Fish Potter Bolanos  P.C.

Atty. for (if applicable):

Plaintiff

Address: 200 E. 5th Avenue, Suite 123

City: Naperville

State: IL    Zip: 60563

Telephone: 630-355-7590

Primary Email: docketing@fishlawfirm.com

Witness date _____

1/24/2022 9:57 AM IRIS Y. MARTINEZ

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**FILED**
1/24/2022 9:57 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00547
Calendar, 13
16406173

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons

(12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

ANEI NUNEZ, individually and on behalf

of all others similarly situated

Plaintiff(s)

v.

CAPSTONE LOGISTICS, LLC

and HONEYWELL INTERNATIONAL, INC (Respondent in

Discovery)
Capstone Logistics LLC

c/o Cogency Global Inc

600 S. 2nd St., Suite 404, Springfield, IL 62704

Defendant(s)

Address of Defendant(s)

Case No. _____

Please serve as follows (check one):  ◯ Certified Mail   ◯ Sheriff Service   ◯ Alias

### SUMMONS

To each Defendant: CAPSTONE LOGISTICS, LLC

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**           **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 44086
○ Pro Se 99500

Name: Fish Potter Bolanos P.C.

Atty. for (if applicable):

Plaintiff

Address: 200 E. 5th Avenue, Suite 123

City: Naperville

State: IL    Zip: 60563

Telephone: 630-355-7590

Primary Email: docketing@fishlawfirm.com

Witness date _____

1/24/2022 9:57 AM IRIS Y. MARTINEZ

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**                                    **(10/12/18) CCG 0063 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANEI NUNEZ individually and on behalf

of all others similarly situated

|                                          |                       |
|------------------------------------------|-----------------------|
|                          **Plaintiff(s)**| Case No.  2022CH00547 |
|                     **vs.**              |                       |
| CAPSTONE LOGISTICS, LLC                  | Defendant(s)          |
| and HONEYWELL INTERNATIONAL, INC (Respondent | Amount Claimed:   $ _____ |
| in Discovery)              **Defendant(s)**|                     |

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

CAPSTONE LOGISTICS, LLC

To: ___c/o Cogency Global Inc_____ Address: __600 S. 2nd St., Suite 404_____
                  (Name)

City: __Springfield_____ State: __IL__ Zip: __62704_____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed

form to the sender within _____30_____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____30_____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served)

must answer the complaint within _____60_____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and

complaint will have been mailed on . 1-31-22

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Notice and Acknowledgment of
Receipt of Summons and Complaint**

(10/12/18) CCG 0063 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____  State: ____  Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

FILED
1/25/2022 2:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00547
Calendar, 13
16435050

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| ANEI NUNEZ, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No.:   2022CH00547 |
| v. | |
| CAPSTONE LOGISTICS, LLC, *Defendant.* | |
| and HONEYWELL INTERNATIONAL, INC | |
| *Respondent in Discovery* | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Anei Nunez ("Nunez" or "Plaintiff") alleges that Defendant violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's biometric voiceprints, voice patterns or templates and information through Defendant's Vocollect technology without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 3-4, 24-28, 42-62. Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class

1

certification motion could not render moot any part of plaintiff's pending action") (footnote and citation omitted).

Named Plaintiff moves to certify the following class:[1]

> All persons who had their voiceprints, voice patterns collected, captured, received, otherwise obtained, or disclosed by the Defendant while in Illinois ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶ 31. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to provide their voiceprints, voice patterns; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act. ¶ 33. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007)

---

[1] Named Plaintiff reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

(common questions of law and fact predominate where the potential class challenged the Defendant's "uniform policy.").

Third, Named Plaintiff will fairly and adequately protect the interests of the Class because their claims are coextensive with those of the Class, she has no interests antagonistic to the Class, and she is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometrics); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

Dated: January 25, 2022

Respectfully submitted,

/s/*David Fish*
One of Plaintiff's Attorneys

David Fish
Mara Baltabols
**FISH POTER BOLAÑOS, P.C. (217826)**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com

*Attorneys for Plaintiff*

4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
1/25/2022 2:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00547
Calendar, 13
16435143

ANEI NUNEZ, individually and on behalf of all
others similarly situated,

*Plaintiff,*

v.                                                       Case No.: 2022CH00547

CAPSTONE LOGISTICS, LLC.

*Defendant.*

and HONEYWELL INTERNATIONAL, INC

*Respondent in Discovery*

---

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **March 24, 2022 at 10:00 am**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Presiding in Courtroom 2502 of the Circuit Court of Cook County, Illinois, located at 50 W. Washington (via Zoom) to present the **Plaintiff's Motion for Class Certification**, a copy of which is attached hereto and hereby served upon you.

Dated: January 25, 2021

Respectfully submitted,

ANEI NUNEZ,
**individually and on behalf of all others similarly
situated.**

By:     /s/   David Fish_____
One of its Attorneys

**FISH POTER BOLAÑOS, P.C.**
200 E 5th Ave., Suite 123
Naperville, IL 60563
(312) 861-1800
admin@fishlawfirm.com
CC# 23522

**1**

| $1.16 US POSTAGE
1 OZ FIRST-CLASS MAIL FLATS RATE

RETAIL



062S0009564975
4562515
FROM 60563

stamps
endicia
01/31/2022

# USPS FIRST CLASS MAIL®

Fish Potter Bolanos, P.C.
200 E. 5th Avenue, Suite 123
Naperville IL 60563

C096

SHIP
TO:

Capstone Logistics, LLC
c/o Cogency Global, Inc
600 South Second St., Suite 404
Springfield IL 62704-2542