# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANEI NUNEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPSTONE LOGISTICS, LLC,<br><br>Defendant. | Case No. |

### DECLARATION OF RYAN HATTAWAY

I, Ryan Hattaway, declare as follows:

1. I am an individual resident of the State of Georgia, above the age of 18 years old, and competent to make this declaration. I make this declaration based on my personal knowledge and on my review of company records maintained in the regular course of Defendant Capstone Logistics, LLC's ("Capstone") business. I could competently testify to the matters set forth herein if called to do so as a witness in court.

2. I have worked for Capstone since March 2013. From October 2015 to December 2019, I worked for Capstone as a Business Analyst - Data Management and Analytics. From January 2020 to present, I have been employed as a Project Manager - Data Management and Analytics for Capstone.

3. Based on my position and experience, I have general knowledge of Capstone's operations in Illinois, including knowledge of (and access to company records reflecting) the number of Capstone employees who have worked at Illinois work sites.

4. I understand that Plaintiff in the above-captioned case claims that Capstone violated the Illinois Biometric Information Privacy Act (the "BIPA") by collecting her

1

"voiceprints" and the "voiceprints" of other Capstone employees through "voice/speaker recognition technology called 'Vocollect' (also known as the 'Talkman')" without complying with the BIPA's notice-and-consent requirements. Compl. ¶¶ 3, 21, 63-67.

5. I further understand that Plaintiff in this case seeks to certify a class of "[a]ll persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by [Capstone] in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted." *Id.* ¶ 50.

6. In the Complaint, Plaintiff claims that all Capstone "warehouse workers" use Vocollect technology. *See, e.g.*, *id.* ¶ 6 ("[A]t the beginning of a warehouse worker's training, a worker is required to provide Capstone with personal speech patterns.")[1]; *id.* ¶ 34 ("Vocollect . . . allows warehouse workers to engage in real-time communications with the Vocollect software."); *id.* ¶ 35 (alleging that "[a]n operator data file" containing "the template or voiceprint" of Capstone employees is created and stored using Vocollect technology).[2]

7. I have been informed as to the Illinois work site(s) at which "Vocollect" technology has been used and have reviewed company records identifying the number of Capstone employees who have held selector positions at those worksites. Employees who have held selector positions constitute a subset of Capstone's "warehouse workers." *See id.* ¶ 34.

8. Based on my review of company records maintained in the ordinary course of Capstone's business, between January 24, 2017, and the present, there have been at least 857

---

[1] Plaintiff's Complaint contains two paragraphs numbered "5." The language cited as coming from paragraph 6 of the Complaint is from the second paragraph numbered "5" in the Complaint (*i.e.*, the paragraph that should be numbered "6").
[2] Plaintiff's Complaint contains two paragraphs numbered "34." The language cited as coming from paragraph 35 of the Complaint is from the second paragraph numbered "34" in the Complaint (*i.e.*, the paragraph that should be numbered "35").

current or former Capstone employees who have held selector positions at Illinois sites at which "Vocollect" technology has been used.

9. I declare under penalties as provided by law pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this <u>7th</u> day of March 2022 in Peachtree Corners, Georgia.

*Ryan Hattaway*
_____
RYAN HATTAWAY

3/7/2022